UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20949-CR-KING/BANDSTRA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

GUSTAVO BRU,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Limited Remand of the Eleventh Circuit Court of Appeals directing this Court to conduct an evidentiary hearing to determine whether defendant Gustavo Bru's untimely notice of appeal was a result of excusable neglect or good cause under Fed.R.Cr.P. 4(b)(4). On November 12, 2010, this matter was referred to the undersigned for appropriate proceedings. Following several requests for continuance filed by both parties[1], the undersigned conducted the referred hearing on January 20, 2012. Following careful review of the pleadings, the Court file and applicable law, and in consideration of the evidence adduced at the evidentiary hearing, the undersigned recommends that this Court find excusable neglect and good cause for defendant's untimely filing of his notice of appeal under Fed.R.App.P. 4(b)(4).

---

[1]The undersigned notes that defendant Bru and the government have made good faith efforts to resolve this matter but without success, and that the evidentiary hearing was delayed due to illness, defendant's absence from the district due to his incarceration elsewhere, and a variety of other reasons.

## PROCEDURAL HISTORY

On December 3, 2003, Gustavo Bru (hereinafter "defendant" or "Bru") and a co-defendant were indicted for a conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute five kilograms or more of cocaine.  See Indictment, D.E. 19.  Defendant was appointed representation from the Federal Public Defender's Office and released on a personal surety bond.

On February 19, 2004, defendant pleaded guilty to the conspiracy charge in the indictment and his sentencing date was set for April 28, 2004.

On April 28, 2004, defendant failed to appear for sentencing resulting in the revocation of his bond and issuance of a warrant for his arrest.  Following a second non-appearance, the Court declared defendant a fugitive and issued a bench warrant for his arrest on May 11, 2004.  Defendant was subsequently located in Colombia where he was incarcerated for thirteen (13) months pending extradition to the United States.

On June 15, 2009, Bru was returned to the United States and remanded to this Court for his sentencing following a four year absence in Colombia.  Defendant was now represented by Frank A. Rubino, Esq., as retained counsel, and held without bond conditions being set pending sentencing in August 2009.

On August 28, 2009, defendant appeared for sentencing before the Honorable James Lawrence King and was sentenced to imprisonment for a term of one hundred-twenty-one (121) months followed by a five (5) year term of supervised release.

On October 1, 2009, defendant wrote a handwritten letter to the Court advising that

2

he intended to appeal his sentence. Defendant advised that Mr. Rubino had refused to meet with him concerning an appeal so that he was no longer his attorney. Bru requested court-appointed counsel to "perfect and file" his appeal. Defendant's letter was construed as a notice of appeal as of October 1, 2009.

On November 12, 2009, the undersigned appointed Humberto R. Dominguez, Esq. to represent defendant on appeal.

On August 21, 2010, defendant's appeal was remanded to this Court by the United States Court of Appeals for the Eleventh Circuit for the limited purpose of determining whether Bru's untimely notice of appeal was the result of excusable neglect or good cause under Fed.R.App.P. 4(b)(4). The Eleventh Circuit noted that defendant's untimely notice was filed within thirty (30) days of the expiration of the appeal period. Thus, the appellate court was treating defendant's late notice of appeal as a motion for extension of time and remanded to this Court for a determination of good cause or excusable neglect citing *United States v. Ward*, 696 F.2d 1315, 1317-18, (11th Cir. 1983).

On October 21, 2010, Bru retained Mark D. Seitles, Esq., to represent him in these proceedings on the issue of excusable neglect and good cause.

On November 4, 2010, this Court entered an Order finding defendant's untimely appeal was filed without good cause or excusable neglect (DE 126). The Court based its ruling on the fact that defendant had filed no notice of appeal, despite being advised of his right to do so by the Court, the actual sentence imposed, and an affidavit filed by Mr. Rubino attesting to defendant's failure to contact him about his desire to appeal his sentence.

On November 10, 2010, the Court entered a second Order vacating its previous

3

ruling after finding a factual dispute as to whether defendant timely told his attorney to file a notice of appeal.  The Court referred this matter to the undersigned for an evidentiary hearing on this factual issue and on the legal issue of whether defendant's untimely notice of appeal was the result of excusable neglect or good cause under Fed.R.App.P. 4(b)(4).

Following several continuances and requests for additional time, the undersigned conducted the evidentiary hearing on January 20, 2012.

## FINDINGS OF FACT[2]

On August 29, 2009, defendant appeared for sentencing before this Court following a four year absence from the United States and extradition proceedings in Colombia resulting in defendant's extradition to the United States.  At sentencing, defendant was represented by Frank A. Rubino, Esq., an attorney retained by defendant solely for sentencing.  Mr. Rubino met with defendant on several occasions prior to sentencing both in Colombia and the United States to discuss sentencing issues, the PSI prepared by the probation office, and defendant's likely guidelines score and possible sentencing range. Mr. Rubino recalls discussing with defendant his flight from the United States prior to sentencing and how that might effect any credit he might otherwise have received for acceptance of responsibility in this case.  Mr. Rubino  advised defendant that he would likely be given credit for time served  in Colombia prior to his extradition to the United

---

[2]These factual findings are based on the testimony of defendant, Gustavo Bru, and Frank A. Rubino, Esq.  In addition, the Court received into evidence certain documents including portions of the presentence investigation ("PSI") prepared prior to sentencing, the written Judgment entered after sentencing, the sentencing transcript, and other documents.

States.

At sentencing, Mr. Rubino advocated for defendant and was successful in restoring partial credit for his acceptance of responsibility (2 of 3 possible points) despite defendant's flight from the United States; and by opposing the government's effort to remove any "safety valve" consideration by the Court. Mr. Rubino also asked the Court for a 13-month credit for time served in Colombia which was agreed to by the prosecution. Thereafter, the Court announced a sentence of 121 months with the understanding that this sentence would be reduced by 13 months for time served in Colombia. Mr. Rubino was pleased with the result ("the best we could have hoped for") because the Court used the "safety valve" provisions and awarded partial acceptance of responsibility despite Bru's fugitive status.

Mr. Rubino spoke briefly with defendant after sentencing before Bru was removed from the courtroom. Mr. Rubino advised defendant that he had been given a very good sentence under the circumstances in that he had been given acceptance for responsibility and safety valve consideration. Mr. Rubino further advised defendant that any appeal of his sentence would permit the prosecution to cross-appeal on those issues. Mr. Rubino left the courtroom without further discussion concerning any appeal at that time.[3]

---

[3]Mr. Rubino recalls defendant agreeing with his assessment and stating that he did not wish to appeal his sentence. Mr. Rubino then left the courtroom after advising defendant to call him if defendant changed his mind. Mr. Rubino believes that defendant never called him after that day.

Bru recalls Mr. Rubino telling him that he would come and see him at the Federal Detention Center to discuss a possible appeal. Defendant wanted Mr. Rubino to do so even before he received the written judgment of the Court in which he noted that he had not been given credit for time served in Colombia. Defendant recalls calling Mr. Rubino's office by telephone on several occasions after sentencing and speaking with a secretary.

Several weeks later, defendant contacted Mark D. Seitles, Esq. to discuss retaining him for his appeal. At their initial meeting, defendant first learned that he had not received credit for time served in Colombia. Defendant was now indigent and could not afford to hire Mr. Seitles as his attorney. On Mr. Seitle's advice, however, defendant wrote a handwritten letter to the Court, dated October 30, 2009, advising of his intent to appeal his sentence and requesting the court to appoint counsel for his appeal.

On November 12, 2009, this Court appointed Mr. Dominguez to represent defendant on appeal. Following the limited remand from the court of appeals for determining the issue of excusable neglect and good cause, defendant was able to retain Mr. Seitles on October 21, 2010.

### ANALYSIS

The Limited Remand from the Eleventh Circuit Court of Appeals dated October 21, 2011, instructed this Court to conduct an evidentiary hearing regarding whether defendant's untimely notice of appeal, filed on November 2, 2009, was the result of excusable neglect or good cause under Fed.R.App.P. 4(b)(4) which provides:

> (4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Whether "excusable neglect" exists to justify a late filing of a Notice of Appeal in a criminal

case generally requires the court to consider the length of delay, the defendant's control over the delay, whether the defendant acted in good faith, and the danger of prejudice to the government. *See United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (*citing Pioneer Inv. Services Co. v. Brunswick Assoc., Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1983)). In *Pioneer*, the Supreme Court stated that the word "neglect" encompassed "both simple faultless omissions to act and, more commonly, omissions caused by carelessness." 113 S.Ct. at 1495. The determination of whether neglect is excusable "is at bottom an equitable one" in which courts are permitted to accept late filings caused by "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the [defendant's] control." *Id.*

Applying this criteria here, the undersigned finds that the late filing of defendant's notice of appeal was due to excusable neglect under the circumstances of this case. The testimony of both defendant and his trial counsel establish that defendant was well represented at sentencing and received a sentence which was both fair and favorable to defendant. Mr. Rubino expressed this view to defendant as well as his belief that any appeal by Bru might result in a cross-appeal by the government and a less favorable outcome. Mr. Rubino spoke only briefly to defendant after sentencing while still in the courtroom but he left with the understanding that Bru was satisfied with his sentence and would not be seeking an appeal. Mr. Rubino instructed defendant to contact him if he changed his mind. Defendant recalls a slightly different conversation with Mr. Rubino and left the courtroom with the understanding that Mr. Rubino would visit him at the FDC to discuss a possible appeal. Mr. Rubino did not do so and defendant was unsuccessful in

trying to reach Mr. Rubino by telephone on several occasions.

Thereafter, but still within thirty days of sentencing, defendant contacted Mr. Seitles and learned for the first time that the Judgment entered by the Court did not reflect credit for time served in Colombia. Defendant now wished to appeal but he could not afford to hire Mr. Seitles. On Seitle's advise, defendant wrote the Court and advised of his intent to appeal and his need for court-appointed counsel. Defendant's letter was considered a notice of appeal entered within thirty days of his sentencing but beyond the ten (10) day limit of Fed.R.App.P. 4(b).

Under *Pioneer*, the undersigned finds that the length of delay in the late filing of defendant's notice of appeal was minimal and has no potential impact upon these judicial proceedings. Defendant seeks to appeal only his sentence on legal issues considered by the Court so that the brief delay in filing this notice of appeal will result in no prejudice to the prosecution. Moreover, the late filing of this notice was not the fault of defendant but rather the result of a misunderstanding between he and his attorney concerning defendant's desire to appeal and whether his attorney would visit him at the FDC. Under these circumstances, the delay was not within defendant's control; and he acted in good faith in attempting to appeal by trying to contact Mr. Rubino without success and then by seeking a substitute counsel who advised defendant to write a letter to the Court indicating his intent to appeal. Defendant did so promptly and these proceedings ensued.

In summary, the undersigned finds "excusable neglect" here and recommends that defendant's appeal be permitted to proceed. As noted in *Pioneer*, the determination of "excusable neglect" is "at bottom an equitable one" which can be based on grounds of inadvertence, mistake or intervening circumstances beyond a defendant's control.

8

Defendant's late filing here was the result of all three so that, in equity, he should be permitted to pursue his appeal. For this reason, the undersigned recommends that this Court now find excusable neglect for the late filing of his notice which will then permit the court of appeals to proceed in this case.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of the receipt. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this ͺ14thͺday of February, 2012.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
All counsel of record

9